STELLA ADAMS et al., Respondents, v. AMERICAN PATRIOTS, Appellant.

Kansas City Court of Appeals, November 12, 1911.

INSURANCE: Fraternal Association: False Representations as to Health: Peremptory Instruction. Where, in an action on a benefit certificate of life insurance, issued by a fraternal society, the application represented that the applicant was in good health, and had not consulted a physician since childhood, and the uncontradicted evidence showed him to be in bad health and that he had recently consulted physicians, which evidence consisted, in part, of the applicant's letter written the day before the date of the application; it is error to refuse a peremptory instruction to return a verdict for the defendant.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

REVERSED.

*Willard S. Cave* for appellant.

(1) Defendant's demurrer to the evidence at the close of the entire case should have been given. Where, as in this case, the undisputed evidence disclosed that a number of answers in the application for membership were false and untrue, it became the duty of the trial court to direct a verdict for the defendant, and the trial court having refused to so direct the jury, the appellate court will, on appeal, reverse such judgment. Asphalt Co. v. St. Louis Transit Co., 102 Mo. App. 476; Reichenbach v. Ellerbe, 115 Mo. 588; Fuchs v. St. Louis, 167 Mo. 631; Lavin v. Grand Lodge, 104 Mo. App. 1; Carroll v. Rapid Transit Co. 107 Mo. 653; Carter v. Railroad, 156 Mo. 642; May v. Crawford, 150 Mo. 527; McDermott v. Modern Woodmen, 97 Mo. App. 636. (2) A breach of the warranty avoids the policy. Cooley's Briefs on the Law of Insurance, pp. 1950-1951; Joyce on Insurance, secs. 1962 and 1964; Whitmore v. Sup. Lodge Knights and Ladies of Honor, 100 Mo. 47; Life Insurance Co. v. France, 91 U. S. 510; Hanford v. Benefit Assn. 122 Mo. 50; Jacobs v. Life Insurance Co., 142 Mo. 49; Aloe v. Life Association, 147 Mo. 561; Haynie v. Knights Templar, 139 Mo. 416.

*M. J. Lilly* for respondent.

ELLISON, J.—The plaintiffs are brothers and sisters of David A. Crews, deceased. On the 4th day of June, 1907, Crews took out a benefit certificate of insurance on his life, with plaintiffs as beneficiaries, in The Supreme Order of Married Men's League of

America, and afterwards this insurance was taken over and reinsured by defendant. Crews died in the following December, and this action was instituted to recover the insurance. The judgment was for plaintiffs in the trial court.

Deceased's application was made on the 21st day of May, 1907, and contained warranties that he was in sound health; that he did not have tuberculosis in any form; that he did not have a cough; that he had not been treated for illness and that he had not consulted a physician since childhood. It is conceded by plaintiffs that false representations in procuring the certificate avoids the policy.

We find the evidence shows without contradiction that within a few days after the deceased made his application, he consulted physicians who found him afflicted with tuberculosis. And there is no substantial evidence contradicting that introduced by defendant that he was a sick man before he made his application and had quit work on that account and that he died the December following of consumption, in Arizona, whither he had gone for his health. But aside from this, it was conclusively shown that his representations that he had not consulted a physician since childhood, and that he was in good health, were false, for on the day preceding this he wrote the following letter:

"CLARK, Mo. STATION, May 20, 1907.
Mr. H. D. Teed, Supt. Tel., St. Louis,

Dear Sir:—After filing my application with your office I was compelled to come home on account not being able to work. The doctors advise me to take a continued rest. I will write you or call on you when I am ready to resume work.

Yours truly,

D. A. CREWS."

There was much other evidence and many circumstances in the case which should have caused a

verdict for defendant. But assuming that there was sufficient of contradictory character to such other evidence to make an issue of fact as to the matters thus disclosed, we find, that on account of the evidence we have specified, there was no ground to justify the court in its refusal of a peremptory instruction to find for the defendant.

Deceased's brother was insured in similar way in another fraternal association. He too died, as contended by defendant, from consumption. These plaintiffs and this deceased were the beneficiaries and brought their action on the certificate. They recovered in the trial court. The case was appealed to this court (Adams v. Modern Woodmen of America, 145 Mo. App. 207), where we, with expressed misgiving as to the justice of the verdict, affirmed the judgment. But that case, barely escaping reversal as it did, cannot aid plaintiffs here, where the evidence against a right of recovery is too conclusive to question. The judgment is reversed. All concur.